OPINION
Appellant, Robert F. DeCapite, appeals from the judgment of the Lake County Court of Common Pleas denying his motion to vacate its denial of shock probation.
On January 10, 1990, appellant pleaded guilty to one count of attempted rape, in violation of R.C. 2923.02, an aggravated felony of the second degree. In February 1990, appellant was sentenced to an indefinite term of five to fifteen years in the Ohio State Reformatory, Mansfield, Ohio.
On September 10, 1990, appellant moved for shock probation. A presentence investigation report was not ordered. The trial court denied appellant's motion for shock probation and his subsequent motions for reconsideration.
On August 31, 2000, appellant filed a motion to vacate the trial court's denial of shock probation based on the trial court's failure to order and consider a presentence investigation report, pursuant to former R.C. 2947.061(B). Appellee, the state of Ohio opposed appellant's motion, arguing that a presentence investigation report was unnecessary. Appellant's motion to vacate the trial court's denial of shock probation was denied. From this judgment and sentence, appellant appealed, raising the following assignment of error:
 "[1.] The denial of defendant's motion to vacate denial of shock probation violates former Ohio Revised Code Section 2947.061(B)."
 In his sole assignment or error, appellant asserts that the trial court erred in failing to consider a presentence investigation report prior to denying appellant's motion for shock probation, under R.C. 2947.061(B).[1] Further, appellant contends that the trial court should have held a hearing on his motion for shock probation. In opposition, appellee contends that a presentence investigation report is only necessary when probation is granted and that a trial court may consider a motion filed pursuant to former R.C. 2947.061 without conducting a hearing.
It is well settled that appellate courts have jurisdiction to review final orders. R.C. 2505.02(B)(2) defines a final order as an order that "affects a substantial right in a special proceeding." R.C. 2505.02(B)(2);State v. Coffman (2001), 91 Ohio St.3d 125, 127-28.
The instant appeal challenges the trial court's refusal to vacate its denial of shock probation. The Ohio Supreme Court has held that "[a] trial court's order denying shock probation pursuant to former R.C.2947.061(B) is not a final appealable order." Coffman, supra paragraph one of the syllabus. In reaching this conclusion, the Court determined that shock probation is not a substantial right, and thus, a trial court's order denying shock probation is not a final appealable order reviewable by the appellate courts. Id at 188.
Based on the foregoing, this court does not have jurisdiction to consider appellant's appeal from the judgment of the Lake County Court of Common Pleas. Accordingly, we sua sponte dismiss the instant appeal for want of jurisdiction.
O'NEILL, P.J., CHRISTLEY, J., concur.
[1] R.C. 2947.061, the shock probation statute, was repealed; however, its former version is available to those who committed crimes prior to July 1, 1996.